**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0298-23**<br>GPD Report Nos. 23-11297 / 22-33251 |
| v. | |
| **ELI CHARFAUROS QUINTANILLA,**<br>DOB: 10/03/1986 | **DECISION AND ORDER**<br>**DENYING DEFENDANT'S**<br>**MOTION TO SUPPRESS** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 9, 2024 for hearing on Eli Charfauros Quintanilla's ("Defendant's") Motion to Suppress ("Motion"). Assistant Attorney General Leta Womack represents the People, and Alternate Public Defender Peter Santos represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the Defendant's Motion.

## BACKGROUND

Defendant is charged with Theft by Receiving Stolen Property (as a 2nd Degree Felony) and Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony) following a traffic stop on April 28, 2023. See Indictment (May 16, 2023).

The stop was initiated by Guam Police Department ("GPD") Officer Christopher Champion. See Court Recording at 11:29:00am (Aug. 9, 2024). Officer Champion initiated the stop after observing Defendant driving a vehicle with defective headlights and an expired registration tag. Id. at 11:30:00am-11:31:00am.

After pulling Defendant over, Officer Champion ran a search of the vehicle and discovered it had been reported stolen. Id. at 11:35:30am. Officer Champion then placed Defendant under arrest. Id. at 11:34:45am. Officer Champion proceeded to search the vehicle and discovered a bag containing Defendant's identification card and suspected methamphetamine. Id. at 11:37:30am-11:39:00am. Defendant never once gave consent to search the vehicle or bag contained within. Id. at 11:44:15am.

Decision and Order Denying Defendant's Motion to Suppress
CF0298-23, *People of Guam v. Eli Charfauros Quintanilla*
Page 1 of 5

Defendant was then charged with the crimes and placed on pretrial release with the condition that he "shall appear at all further criminal trial proceedings". See Order of Conditional Release (Apr. 29, 2023). However, Defendant failed to appear at his Arraignment Hearing scheduled for July 5, 2023 and a bench warrant was issued for his arrest by Judge Benjamin Sison. See Minute Entry (Jul. 5, 2023); Bench Warrant (Jul. 7, 2023). Probation Officers arrested Defendant on May 15, 2024, and he remains at the Guam Detention Facility on $5,000 bail. See Return of Warrant Service (May 16, 2024); Commitment Order (May 16, 2024).

On June 12, 2024, Defendant filed his Motion to Suppress, albeit mislabeled as a Motion to Dismiss. Defendant seeks to suppress all evidence resulting from the traffic stop, claiming the traffic stop, search of his vehicle, and subsequent arrest all violated his Fourth Amendment rights. See Motion at 1 (Jun. 12, 2024). Defendant also challenges his May 2024 arrest, claiming it was not authorized by a valid warrant. Id. at 1-2.

On July 8, 2024, the People filed their Opposition to Motion ("Opposition"). The People claim the traffic stop, search of the vehicle, and arrest of Defendant were all proper, and that no Fourth Amendment violations occurred. See Opposition at 2-4 (Jul. 8, 2024).

The Court held a hearing on August 9, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Preliminary Rules:

The Fourth Amendment provides that people should be free from unreasonable searches and seizures. See U.S. Const. amend. IV. Evidence obtained from a Fourth Amendment violation is inadmissible. See *Terry v. Ohio*, 392 U.S. 1, at 12 (1968). This includes "not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" See *Segura v. U.S.*, 468 U.S. 796 at 796-797 (1984) (internal citations omitted).

### II. GPD's seizure of Defendant was constitutional, because the officers had probable cause to believe Defendant had committed unlawful activity.

Decision and Order Denying Defendant's Motion to Suppress
CF0298-23, *People of Guam v. Eli Charfauros Quintanilla*
Page 2 of 5

Seizures can take the form of both investigative stops and formal arrests, as in either situation a reasonable person would not feel able to decline the officer's requests or otherwise immediately terminate such encounters. See *People v. Chargualaf*, 2001 Guam 1 ¶ 17. For investigative stops, police may briefly detain someone if they have a reasonable suspicion of unlawful activity. See *Terry v. Ohio*, 392 U.S. 1, at 10 (1968). For formal arrests, police must have "probable cause to believe that the suspect has committed a crime". Id. at 10. Both "reasonable suspicion" and "probable cause" are judged by a totality of the circumstances, and those beliefs must be based on "specific reasonable inferences" supported by articulable facts rather than merely inadequate guesswork. Id. at 27.

Here, Officer Champion had reasonable suspicion of Defendant's unlawful activity justifying his initial investigative stop of Defendant. Officer Champion testified that he initiated the stop after witnessing Defendant driving a vehicle with defective head lights and expired registration. See Court Recording at 11:30:00am-11:31:00am (Aug. 9, 2024). This gave Officer Champion reasonable suspicion that Defendant was violating Guam's vehicle registration and light requirements, legally justifying GPD's initial seizure of Defendant.

GPD also had probable cause to believe that Defendant committed a crime, justifying their formal arrest of Defendant. Officer Champion learned that Defendant's vehicle was reportedly stolen after searching GPD's stolen vehicle database. Id. at 11:35:30am. At that point, officers had probable cause to believe Defendant had committed felony theft, legally justifying their arrest of Defendant.

III. **GPD's warrantless searches of Defendant's vehicle and bag were constitutional as searches incident to Defendant's lawful arrest.**

Like seizures, searches must too be reasonable under the Fourth Amendment. Searches implicate an individual's Fourth Amendment rights when they cover areas in which the individual has a "reasonable expectation of privacy". See *Oliver v. U.S.* 466 U.S. 170, at 171 (1984). If the individual does have a reasonable expectation of privacy, police officers must generally obtain a warrant before conducting a valid search. See *People v. Chargualaf*, 2001

Decision and Order Denying Defendant's Motion to Suppress
CF0298-23, *People of Guam v. Eli Charfauros Quintanilla*
Page 3 of 5

Guam 1 ¶ 14. Warrantless searches are otherwise presumed unreasonable. See *Katz v. U.S.*, 389 U.S. 347, 357 (1967).

However, there are several situations where police may conduct a search without first obtaining a warrant. One such exception is "searches incident to lawful custodial arrests", in which "police may search a vehicle incident to a recent occupant's arrest … if … it is reasonable to believe the vehicle contains evidence of the offense of arrest." See *Arizona v. Gant*, 556 U.S. 332, 343 & 351 (2009).

Here, Defendant was lawfully arrested for driving a stolen vehicle. It was reasonable for officers to believe that further evidence concerning the vehicle's theft would be found in a search of the vehicle. It was also reasonable for officers to believe this evidence may be located within bags found in the car. Therefore, no warrant was required to search Defendant's vehicle or the bag found within. Accordingly, GPD's searches of both the vehicle and the bag were constitutional, and the suspected methamphetamine found during the searches is admissible.

IV. **Defendant's May 2024 arrest was authorized by a valid warrant.**

Lastly, Defendant claims his May 2024 arrest was not authorized by a valid warrant. See Motion at 1-2 (Jun. 12, 2024).

A court is authorized to issue a warrant if "the defendant failed to appear in response" to a previously issued summons. See 8 G.C.A. § 15.40(b)(2). Here, a summons was issued to secure Defendant's appearance at his July 5, 2023 Arraignment Hearing. See Summons (Jun. 7, 2023). Defendant's failure to appear at that Arraignment Hearing authorized Judge Sison to issue a bench warrant for Defendant's arrest. See Minute Entry (Jul. 5, 2023); Bench Warrant (Jul. 7, 2023). There is nothing to suggest the warrant process was flawed in any way, meaning Defendant's May 2024 arrest was also constitutional.

**CONCLUSION**

For the reasons stated above, the Court **DENIES** the Defendant's Motion. The Defendant's Fourth Amendment rights were not violated by the April 2023 traffic stop, his subsequent arrest, or GPD's warrantless search of his vehicle. Therefore, evidence resulting from the traffic stop and

Decision and Order Denying Defendant's Motion to Suppress
CF0298-23, *People of Guam v. Eli Charfauros Quintanilla*
Page 4 of 5

subsequent vehicle search is admissible.  Defendant's May 2024 arrest was also constitutional, being pursuant to a valid warrant.

IT IS SO ORDERED this <u>October 7, 202</u>

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Suppress
CF0298-23, *People of Guam v. Eli Charfauros Quintanilla*
Page **5** of **5**